Jeffery v. Babcock.

---

## Thomas B. Jeffery v. Mary Keyes Babcock.

1. Costs—*Where a Cause is Stricken from the Short Cause Calendar.*—Where a cause is stricken from the short cause calendar under the statute (Laws 1889, p. 223) the discretion of the court in the matter of costs does not cease until the trial has proceeded for one hour and then taken from the jury and continued.

Assumpsit, on a contract for board and tuition. Error to the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

James A. Peterson, attorney for plaintiff in error.

Alden, Latham & Young, attorneys for defendant in error.

Mr. Justice Shepard delivered the opinion of the court.

This writ of error involves the effect to be given to section three of the Short Cause Calendar Act, so far as the payment of costs therein spoken of is concerned.

The language of the section is as follows:

"If the trial of any suit which is upon the 'short cause calendar' shall occupy more than one hour's time, then the court may in its discretion stop the trial, take the case from the jury and continue it, and the suit shall go to the foot of the docket and shall not again be placed upon the 'short cause calendar;' and the plaintiff shall forthwith pay all costs incurred to that time, and in default of such payment. the suit shall be dismissed at plaintiff's costs." Laws of 1889 (State Ed.), p. 223; Starr & C. Ann. Statutes, Ch. 110, Sec. 99; Hurd's Rev. Stat. 1899, Ch. 110, Sec. 97.

The cause was duly placed on the short cause calendar upon the application of the defendant in error (plaintiff below), and upon being reached on the call of the calendar, a somewhat extended colloquy occurred between the court and counsel as to its being a proper case for speedy disposition. This discussion terminated by the court remarking, "I should judge from the nature of the contention in the case it will take considerably longer than an hour, but, if counsel insists upon going on at the present time the court will not prevent him; but if the court should, later on, become convinced absolutely that the trial will take longer than an hour, he will stop the trial and put the case at the foot of the docket, at plaintiff's costs;" to which counsel for plaintiff responded, "I will take my chances. I know the court will not allow any unnecessary delay." The trial then proceeded for twenty-five minutes. Thereupon the following rulings by the court were made, and the following orders and proceedings were had, as shown by the abstract:

"We will not go any further with this case. You have hardly progressed beyond the preliminary steps and you have already taken twenty-five minutes on the case. It is perfectly apparent that this case can not be tried within an hour; the case is hotly and bitterly contested, as I thought it was at the beginning, and I am absolutely convinced of it now. I shall not waste the time of this court in this way. The case will be stricken from the docket.

"And thereupon it is ordered by the court by and with the consent and concurrence of the defendant that said cause be and the same was taken from the jury and stricken off the short cause calendar.

Jeffery v. Babcock.

" And thereupon the defendant moved the court for an order that the plaintiff forthwith pay all costs incurred to this time, which motion plaintiff objected to. Said motion was denied, and exception. The court certifies that the trial did not consume more than thirty minutes of time, and that said trial came to a stop and said cause was taken from the jury and stricken from the short cause calendar within less than one-half hour from the time said cause was called for trial."

From the order denying costs to the defendant (plaintiff in error here), this writ is prosecuted.

The contentions of the parties are mainly confined to a consideration of whether or not it is discretionary with the court, under the section above quoted, to refuse costs upon the defendant's motion that they be taxed against the plaintiff up to that time, in cases where the trial has not occupied an hour's time, but has been stopped by the court or its own motion and the cause taken from the jury and continued before the hour has elapsed.

The majority of the court, after a full consideration, is of the opinion that the discretion of the trial court in the matter of costs did not cease until the case had proceeded for one hour and had then been taken from the jury and continued; that it is only after the lapse of an hour in the trial and the then continuance of the case, that the provisions of the section requiring costs to be taxed against the plaintiff becomes mandatory. The judgment will therefore be affirmed.

### DISSENT.

The writer of the foregoing opinion can not concur with the conclusion reached by the majority of the court. His view is that the statute peremptorily requires the costs to be paid by the plaintiff, if moved for, whenever, after the trial has been begun and proceeded with, it is judicially determined that the trial has lasted or will last more than one hour, and the trial has been stopped and the case taken from the jury and continued, for that reason. He thinks the provision was intended to protect the court and parties from being imposed on by attempts to get cases on the cal-

endar that ought not to be there. In his opinion, the proper construction of the section leaves to the discretion of the court the stopping of the trial and continuance of the cause, and other matters referred to in that part of the section which precedes the semicolon following the words " short cause calendar," but makes mandatory the payment of costs by the plaintiff, in case the trial is stopped and the cause continued because the trial has. lasted or will last more than an hour.